# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| ROBERT A. HOLTS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 4:20-CV-511 PLC |
| ) | |
| DANIEL KEEN, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on petitioner's application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition appears to be barred by § 2254's one-year limitations period, and the Court will order petitioner to show cause why the petition should not be dismissed.

### Background

On June 2, 1992, petitioner pled guilty in the Circuit Court for St. Charles County to felony rape and felony sexual assault. On January 5, 1993, the Court sentenced petitioner to five years' imprisonment. Petitioner did not file a direct appeal, nor did he seek post-conviction relief. *See State v. Holts*, No.11R019102177 (11th Jud. Cir., St. Charles County Court).

Currently pending in the Circuit Court for St. Charles County is a petition brought pursuant to Missouri Revised Statutes §§ 632.480 through 632.513 to have petitioner declared a sexually violent predator. *See In re Robert A. Holts*, No. 1811-PR00207 (11th Jud. Cir., St. Charles County). A trial has been set for July 15, 2020.

Petitioner filed the instant § 2254 petition on April 13, 2020, seeking to challenge his 1992 conviction in St. Charles County.

## Discussion

Under 28 U.S.C. § 2244(d):

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The instant petition has been filed more than seventeen years after petitioner's state court judgment of conviction became final. As a result, the Court will order petitioner to show cause why the petition should not be dismissed as time-barred. *See Day v. McDonough*, 547 U.S. 198, 209 (2006) (district court must give notice to petitioner before sua sponte dismissing petition as time-barred).

Accordingly,

**IT IS HEREBY ORDERED** that petitioner shall show cause, in writing and **no later than thirty days from the date of this Order**, why this action should not be dismissed as time-barred.

**IT IS FURTHER ORDERED** that if petitioner fails to comply with this Order, this action will be dismissed.

Dated this 27th day of April, 2020.

RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE