## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| ROBERT A. HOLTS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 4:20-CV-511 PLC |
| | ) |
| DANIEL KEEN, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on petitioner's response to the Order to Show Cause why this action brought pursuant to 28 U.S.C. § 2254 should not be subject to dismissal as barred by the statute of limitations. After review of petitioner's response, the Court will dismiss this action as time-barred.

### Background

On June 2, 1992, petitioner pled guilty in the Circuit Court for St. Charles County to felony rape and felony sexual assault. On January 5, 1993, the Court sentenced petitioner to five years' imprisonment. Petitioner did not file a direct appeal, nor did he seek post-conviction relief. *See State v. Holts*, No.11R019102177 (11ᵗʰ Jud. Cir., St. Charles County Court).

Currently pending in the Circuit Court for St. Charles County is a petition brought pursuant to Missouri Revised Statutes §§ 632.480 through 632.513 to have petitioner declared a sexually violent predator. *See In re Robert A. Holts*, No. 1811-PR00207 (11th Jud. Cir., St. Charles County). A trial has been set for July 15, 2020.

Petitioner filed the instant § 2254 petition on April 13, 2020, seeking to challenge his 1992 conviction in St. Charles County.

## Discussion

Under 28 U.S.C. § 2244(d):

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The instant petition was filed more than seventeen years after petitioner's state court judgment of conviction became final. On May 4, 2020, petitioner filed a response to the Order to Show Cause asserting that the lateness of his petition should be tolled because his counsel was ineffective during the trial process.

Under the doctrine of equitable tolling, the statutory limitations period of the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2244(d), may be tolled if a petitioner can show that (1) he has been diligently pursuing his rights and (2) an extraordinary circumstance stood in his way. *Holland v. Florida*, 560 U.S. 631, 649 (2010). Equitable tolling is a flexible procedure that involves both recognition of the role of precedent and an "awareness of the fact that specific circumstances, often hard to predict in advance, could warrant special treatment in an appropriate case." *Id.* at 650.

The Eighth Circuit has noted that "[i]neffective assistance of counsel, where it is due to an attorney's negligence or mistake, has not generally been considered an extraordinary circumstance" for the application of equitable tolling. *Martin*, 408 F.3d at 1093. It is available only where "an attorney's behavior may be so outrageous or so incompetent as to render it extraordinary." *Id.* (quoting *Baldayaque v. United States*, 338 F.3d 145, 152 (2d Cir. 2003)). *See also Walker v. Norris*, 436 F.3d 1026, 1032-33 (8th Cir. 2006) (finding no equitable tolling where attorney lacked knowledge of verification requirement on state petition); *Baker v. Norris*, 321 F.3d 769, 772 (8th Cir. 2003) (finding no equitable tolling where petitioner alleged attorney did not perform adequately at trial, did not vigorously pursue a motion to suppress, knew petitioner could not assist in her defense, and stated that "no other court would hear her case"); *Beery v. Ault*, 312 F.3d 948, 951-52 (8th Cir. 2002) (finding no equitable tolling where attorney's false representations about petition did not prevent timely filing); *Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir. 2000) (finding no equitable tolling where counsel confused about applicable statute of limitations). "Equitable tolling is proper only when extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." *Kreutzer*, 231 F.3d at 463.

3

Petitioner's assertions about ineffective assistance of counsel are insufficient to allow equitable tolling. Petitioner alleges that his former trial attorney failed to properly investigate his criminal case during the course of his criminal trial. Nothing alleged by petitioner indicates that there were extraordinary circumstances beyond his control that prevented him from filing his petition on time. The allegations against his former counsel are not so outrageous or incompetent as to render his claims of ineffective assistance extraordinary as to allow for a claim of equitable tolling. In addition, petitioner has failed to demonstrate due diligence in pursuing his post-conviction rights. Equitable tolling is not justified here.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's application for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254 is **DENIED AND DISMISSED as time-barred.**

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue.

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this ___5th___ day of May, 2020.

RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE

4